IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| ISMAEL RIVERA ORTIZ | : | Case No. 03-07379(GAC) |
| | : | |
| Debtor | : | Chapter 13 |
| _____ | : | |
| | : | |
| ISMAEL RIVERA ORTIZ | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 05-00158 |
| | : | |
| JOSE M. QUINONES NEGRON, | : | |
| JOHN DOE, JOSE CARRION – | : | |
| CHAPTER 13 TRUSTEE, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

**DECISION AND ORDER**

I.   <u>Procedural Background</u>

Pending before the Court is a Motion for Summary Judgment filed by the debtor, Ismael Rivera Ortiz ("debtor")(Docket #15) and an Opposition to Summary Judgment filed by the defendant, Jose Quiñones Negron ("Quiñones") (Docket #17). On June 30, 2005, the debtor filed the instant adversary complaint seeking to avoid the transfer of a Bearer Mortgage Note for the amount of $250,000.00 pursuant to § 547 of the Bankruptcy Code, which governs preferences (Docket #1).

On September 2, 2005, Quiñones filed a motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7041 (Docket #7). On September 25, 2005, the debtor filed an opposition to the motion requesting dismissal and requested an order directing Quiñones not

to transfer the note (Docket #10). On November 8, 2005, the Court held a hearing to consider Quiñones' motion to dismiss and the opposition filed by the debtor. The Court denied Quiñones' motion to dismiss and scheduled the pre-trial hearing for December 9, 2005 (Docket #13).

On December 2, 2005, the debtor filed a motion requesting summary judgment (Docket #15). On December 8, 2005, the parties filed the joint pre-trial report (Docket #16). On December 9, 2005, a hearing was held, in which the Court scheduled the final pre-trial and the trial (Docket #18). On December 14, 2005, Quiñones filed an the opposition to the motion for summary judgment (Docket #17). On May 12, 2005, the Court held a hearing, in which it took the summary judgment motion and the opposition under advisement (Docket #20).

II. Position of the Parties

A. Debtor:

The debtor asserts that when he filed the petition for bankruptcy, he scheduled as property a lot of land in Barrio Caonillas Abajo, Utuado, Puerto Rico, that has three liens registered in the Property Registry of Utuado. He avers that one of the liens is a Bearer Mortgage Note due on December 3, 1997, for the amount of $250,000.00, plus 8% annual interest, created by Deed 68 on September 18, 2002, before the notary public Ricardo Morales Maldonado ("Morales"). (Docket #15, Exhibit A)[1]. The debtor

---

[1] The Court ordered for the parties to file the certified translations of the exhibits, but they were never produced. Thus, this document shall not be admitted by the Court pursuant to Unites States v. Rivera Rosario, 300 F.3d 1 (1st Cir. 2002).

maintains that Quiñones has the promissory note of the Bearer Mortgage Note in his possession. He contends that the note was transferred to Quiñones without executing a pledge agreement, authenticated by a notary public, as required by Puerto Rico law. The debtor contends that according to the doctrine established in In re Supermercados San Juan, Inc., 575 F.2d 87 (1st Cir. 1978) and in In re Santos Nieves, Inc., 814 F.2d 57 (1st Cir. 1987), the transfer of the promissory note secured by the Bearer Mortgage Note should be avoided pursuant to § 547 of the Bankruptcy Code. Therefore, the debtor requests that the Court enter an order avoiding the transfer of the promissory note secured by the Bearer Mortgage Note, enter an order instructing the Property Registry of Utuado to erase the lien from the records and impose on Quiñones reasonable attorney's fees and costs.

B.    Quiñones

Quiñones asserts that in December of 2001, he sold the debtor a property in Barrio Caonillas, Utuado, Puerto Rico. The agreed sale price was $500,000.00, plus $5,000.00, for furniture and appliances located in an apartment on the property. He asserts that as of September 8, 2002, the debtor owed him $250,000.00 as an unpaid balance for the property. Thus, he avers that on the same day, both parties went to Morales' office, and that Morales drafted a note payable to the bearer and a guarantee with a second mortgage on the property. Quiñones asserts that the note was for the amount of $250,000.00, that it was to be paid in five annual installments and that it was attached to the property. He also asserts that a

3

a good faith deposit was made in the amount of $10,000.00, that was given to Quiñones and which was to be subtracted from the sale price at the consummation of the sale. He also asserts that the note was drawn to the bearer, that the debtor acknowledged the debt, that the debtor gave instructions to Morales to deliver the original of the note to Quiñones and finally, that he kept a copy. Quiñones maintains that he has been in possession of the note since it was drafted on September 8, 2002.

Quiñones asserts that, at his request, a notarial act was drafted by Morales on December 8, 2005. He alleges that the notarial act states that the note to the bearer in Deed 68, was drafted at his office and that on the same day it was transferred to him. (Docket #17, Exhibit 2)[2]. He contends that pursuant to the Puerto Rico Notarial Law of 1987 and its Regulations, a notary can draft a notarial act giving detailed account of the issuance of a public document drafted by or before him. He argues that a notarial act constitutes evidence in itself of the certainty of the act, that it is an authentic document and that it has the same evidentiary value as any document that is authorized by a notary. Quiñones argues that although the notarial act is not the pledge itself, it gives certainty to an authenticated document that the note was delivered and transferred to him on the same date of its issuance. Finally, he asserts that the transfer of the note

---

[2]The Court ordered for the parties to file the certified translations of the exhibits, but they were never produced. Thus, this document shall not be admitted by the Court pursuant to Unites States v. Rivera Rosario, 300 F.3d 1 (1st Cir. 2002).

4

occurred nine months before the debtor filed for bankruptcy and that it was in the ordinary course of business, thus defeating the presumption of insolvency.

Quiñones admits that pursuant to Puerto Rico law, a mortgage is not created until it is recorded at the Property Registry. Nonetheless, he contends that pursuant to local law, a pledge does not need to be in writing to be valid between the parties and although in order to have effectiveness against third parties, evidence of its date must appear in an authentic document, the trustee has not been made a party to the pledge, nor qualified as a third party.

Finally, Quiñones asserts that there are material issues to be tried by the Court and that he is entitled to be heard and present evidence. He maintains that there is a binding obligation on the part of the debtor to pay the sales price of the property and that the date of the note's issuance will fulfill the date requirement, in accordance with Puerto Rico law. Quiñones concludes that a complete legal and binding pledge was attained and requests that the Court deny the debtor's motion for summary judgment and impose attorney's fees and costs.

II. <u>Discussion</u>

A. <u>Summary Judgment standard</u>:

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7056, summary judgment is appropriate "if the pleadings, depositions, answers to

5

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corporation v. Catrett, 477 U.S. 317 (1986)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)). As to issues on which the movant at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. Rijos v. Banco Bilbao Vizcaya (In re Rijos), 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). The Court must view the evidence in a light most favorable to the nonmoving party. In re Rijos, 263 B.R. at 388. Therefore, "summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandate by the record." Id.

    B. Avoidance Actions

    The Chapter 13 trustee is entitled to file an avoidance action pursuant to the powers conferred by the Bankruptcy Code. In the present adversary proceeding, the debtor filed the avoidance action. Thus, the first issue before the Court is the debtor's standing to bring the action.

    Section 1303 of the Bankruptcy Code grants the debtor "exclusive of the trustee, the rights and powers of a trustee under

6

sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title." 11 U.S.C. § 1303. In addition to § 1303, § 522(h) confers other powers to the debtor, it provides that:

> [t]he debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if-
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549 or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). This section refers back to § 522(g)(1) as a limitation on the debtor's power. 4 *Collier on Bankruptcy*, ¶ 522.12[2][b], p. 522-99 (15th ed. 2006). In order to be avoidable, section 522(g)(1) requires that:

> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property;

11 U.S.C. § 522(g)(1). This limitation carries forth the requirement that the transfer being avoided be an involuntary transfer by the debtor. 4 *Collier on Bankruptcy*, ¶ 522.12[2][b], p. 522-99 (15th ed. 2006). Generally, the granting of a mortgage or security interest in the debtor's property is a voluntary transfer. Id. See also In re Ulrich, 203 B.R. 691 (Bankr. C.D.Ill. 1997); In re Millenburg, 61 B.R. 125 (Bankr. E.D.N.C. 1986); and In re Dipalma, 24 B.R. 385 (Bankr. D.Mass. 1982).

The debtor in the present adversary proceeding, brought the

7

avoidance action pursuant to § 547. This section provides that the trustee may avoid any transfer of an interest of the debtor in property pursuant to § 547(b) of the Bankruptcy Code in the following situations:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
>   (A) on or within 90 days before the date of the filing of the petition; or
>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if--
>   (A) the case were a case under chapter 7 of this title;
>   (B) the transfer had not been made; and
>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11. U.S.C. § 547(b).

In In re Miller, 251 B.R. 770 (Bankr. D.Mass. 2002), the bankruptcy court held that a Chapter 13 debtor does not posses the standing to maintain an action pursuant to 11 U.S.C. § 547(b) and § 522(h). Moreover, the court held that the debtor could not maintain an action independently of the requirements set forth in § 522(h). Id. In In re Miller, the court discussed the different approaches taken by courts regarding the standing of a Chapter 13 debtor to bring an avoidance action. See also In re Callahan, 190

8

B.R. 137 (Bankr. D.Mass. 1995).

The courts are divided on the issue of whether a Chapter 13 debtor is entitled to bring an avoidance action independent of § 522(h). There are a significant number of courts that have held that the Chapter 5 avoiding powers of a trustee are not available to a Chapter 13 debtor. In re Miller, 251 B.R. 770 (citing In re Cardillo, 169 B.R. 8, 11 (Bankr. D.N.H. 1994)). In In re Cardillo, the bankruptcy court noted that, except as provided in § 1303, and unlike § 1107, "nowhere in Chapter 13 is a debtor given the powers of a trustee." In re Cardillo, 169. B.R. at 11. Thus, the court dismissed the debtor's avoidance action. See also Hill v. Fidelity Fin. Serv. (In re Hill), 152 B.R. 204, 206 (Bankr. S.D.Ohio 1993); Jardine v. Bennett's Eastside Paint & Glass (In re Jardine), 120 B.R. 559 (Bankr. D.Idaho 1990); and Pilgreen v. Brown & Williamson Fed. Credit Union (In re Pilgreen), 161 B.R. 552, 554 (Bankr. M.D.Ga. 1989).

Several courts, however, have allowed Chapter 13 debtors to bring avoidance actions without meeting the requirements set forth in 11 U.S.C. § 522(h). See, e.g., Freeman v. Eli Lilly Federal Credit Union (In re Freeman), 72 B.R. 850 (Bankr. E.D.Va. 1987) and Ciavarella v. Russo (In re Ciavarella), 28 B.R. 823 (Bankr. S.D.N.Y. 1983). In In re Ciavarella, the bankruptcy court distinguished between the differing roles of the trustee in Chapters 7, 11 and 13, observing that the Chapter 13 trustee's role is primarily administrative. In re Ciavarella, 28 B.R. at 825-28.

Thus, the court concluded that the Chapter 13 debtor could be a plaintiff because such a debtor is the most appropriate party to bring a preference action. Id. Also in In re Freeman, the bankruptcy court relied on both the In re Ciavarella decision and the legislative history accompanying § 1303 to support its conclusion that a Chapter 13 debtor could bring an avoidance action. In re Freeman, 72 B.R at 854. The legislative history to § 1303 states that "[t]he section does not imply that the debtor does not also possess other powers concurrently with the trustee." Id. (quoting 124 Cong.Rec. H11, 106 (1978)); S17,423 (1979).

Finally, relying on a different theory, in In re Hoyos Precsas, 73 B.R. 338 (Bankr. D.P.R. 1987), the bankruptcy court observed that a trustee or debtor in possession may bring a preference action under § 547(b) of the Bankruptcy Code. The bankruptcy court stated that § 1304 defines a debtor engaged in business as "[a] debtor that is self-employed and incurs trade credit in the production of income from such employment..." 11 U.S.C. § 1304(a). The bankruptcy court equated a Chapter 13 debtor, who was operating a business under § 1304, with a debtor in possession and thus, concluded that the Chapter 13 debtor, as a debtor in possession, may utilize the trustee's avoidance powers. In re Hoyos Prescsas, 73 B.R. at 339.

This Court is persuaded to adopt the first line of cases, whereby in drafting §§ 1303, 522(h) and 522(g)(1), the intent of the Bankruptcy Code is for Chapter 13 debtors to have limited

10

access to the avoidance powers of the trustee. The purpose of §

522(g) is:

> to allow an exemption 'where a property interest has been involuntarily taken from a debtor by means such as an execution, repossession or certification of judgment, [because] it would be inequitable not to permit a debtor to assert an otherwise allowable exemption····'

In re Ringham, 294 B.R. 204 (Bankr. D.Mass. 2003)(citing Glass v.

Hitt (In re Glass), 60 F.3d 565, 569 (9th Cir. 1995)). The Court

concludes that in the present adversary proceeding, the debtor has

not met the requisites of § 522(g)(1), because the transfer of the

pledge by the debtor to Quiñones was voluntary. Although the

Chapter 13 trustee could have brought the action, he did not. Thus,

the debtor cannot exercise an action for which he lacks standing.

C. First Circuit Court of Appeals' Cases Regarding Pledges

Two major cases were decided by the First Circuit Court of

Appeals discussing the local law regarding pledges and the

authentication of a pledge to be effective against third parties.

Although the two cases cited by the debtor are almost on point as

to the controversy before this Court, the debtor fails to address

the issue regarding standing and fails to notice that the two cases

discussed below were brought by the trustees and not by debtors.

In In re Supermercados San Juan, Inc., 575 F.2d 8 (1st Cir.

1978), the First Circuit Court of Appeals decided that under Puerto

Rican law, in the absence of evidence of the date of the pledge

agreement being shown by authentic documents, the pledgee's

11

interest was only a lien and was not effective against third parties. The First Circuit Court of Appeals held that the trustee was considered a third party and thus, under the Bankruptcy Act a transfer that would be deemed to have occurred four months prior to the pledgor's filing for bankruptcy, constituted a voidable preference.

In In re Santos & Nieves, Inc., 814 F.2d 57 (1st Cir. 1987), again, it was the Chapter 7 trustee who filed a complaint against the creditor, claiming that the transfer of a mortgage note by the debtor to creditor was not perfected under Puerto Rico pledge law, thereby making the transaction a voidable transfer. The First Circuit Court of Appeals held that Puerto Rican pledge law applied, that the transaction between the debtor and the creditor was a transfer of personal property and that the pledge was not effective against third parties because the date of the transfer of the pledge did not appear in an authentic document as required by P.R. Laws Ann. tit. 31, § 5023. Id. at 60. The court further stated that although the bearer notes themselves were dated and notarized, this fact alone did not establish the date of the transfer of the pledge. Id. The First Circuit Court of Appeals concluded that: "without evidence of the date on which the bearer notes were delivered we must find that the pledge of the note remained unauthenticated." Id. at 60-61. Finally, it held that since the trustee was not a party to the original pledge agreement, he qualified as a third party as described in the Puerto Rico Supreme

12

Court case <u>Ramos Mimoso v. Superior Court</u>, 93 D.P.R. 538, 544 (1966). <u>In re Santos & Nieves, Inc.</u>, 814 F.2d at 61.

Although both cases would clearly assist the debtor in the present adversary proceeding, the trustees, in the above mentioned cases, were the ones who filed the complaints against the pledgees, urging that the transfers constituted voidable preferences. The trustees in both cases had standing pursuant to their avoiding powers expressly conferred by the Bankruptcy Code. The debtor alleges that there are no issues of material fact and that he is entitled to judgment as a matter of law. This Court concludes that although the facts do not appear to be contested, the debtor lacks standing to bring the present adversary proceeding pursuant to § 547 of the Bankruptcy Code.

ORDER

WHEREFORE, IT IS ORDERED that the debtor's Motion for Summary Judgment (Docket #15) shall be, and it hereby is, DENIED.

IT IS FURTHER ORDERED that the present adversary proceeding is DISMISSED. Judgment shall enter accordingly.

SO ORDERED.

San Juan, Puerto Rico, this 29th day of March 2007.

/s  Gerardo  A.  Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge

13